# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JAQUAN WILLIAMS, <br><br> Defendant. | CASE NO.: 4:18-cr-210 |

## ORDER

The Court held an Initial Appearance and Arraignment in this case on October 12, 2018. At that hearing, all parties agreed that because Defendant was being held without bond on charges pending in another court, he would remain in custody on those charges until resolution of those charges even if this Court were to find that he qualified for pre-trial release in the instant case. (Doc 12). Thus, the issue of pre-trial release was moot. No detention hearing was held at that time. If the Defendant wished to petition for bail / pre-trial release pursuant to 18 U.S.C. § 3142, he remained able to do so if and when the status of his state charges changed. In order to ensure that there is no lack of clarity as to what Defendant's detention status was following his Initial Appearance and Arraignment, the court enters this clarifying order, *nunc pro tunc*.

It was (and remains) the court's intent that as of the time of the Initial Appearance and Arraignment that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant was, and is, to be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility was, and is, to deliver Defendant to the United States Marshal for the purpose of any appearance in connection with a court proceeding.

So ORDERED this <u>7th</u> day of March, 2019, *nunc pro tunc* October 12, 2018.

*/s/ Christopher L. Ray*
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA